UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Anton Tolliver, ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | **COMPLAINT** |
| City of New York; Police Officer Anoop ) | |
| Thomas, Police Officer John Doe ) | JURY TRIAL DEMAND |
| Defendants. ) | |

## PRELIMINARY STATEMENT

1. Anton Tolliver ("Mr. Tolliver or Plaintiff") was illegally arrested and was a victim of excessive force by officers which resulted in injuries.

2. Mr. Tolliver brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his rights under the Constitution of the United States of America and the New York State Constitution as well as common law claims.

## JURISDICTION AND VENUE

3. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth , Eighth, and Fourteenth Amendments to the United States Constitution, as well as the New York State Constitution and New York Common Law.. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (a)(4) because

1

Mr. Tolliver's claims arise under law of the United States and seek redress of the deprivation under color of state law of rights guaranteed by the United States Constitution.

4. Venue lies in the Eastern District of New York under 28 U.S.C.§ 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claim occurred in the District.

## THE PARTIES

5. Plaintiff Anton Tolliver is a resident of Kings County, Queens, New York.

6. Defendant Police Officer Anoop Thomas–was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in her individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD. They are sued in their individual capacity.

7. Defendant Police Officer John Doe–was at all times relevant to this Complaint a duly appointed and acting employee of the City of New York and the NYPD, acting under color of law and in her individual capacity within the scope of employment pursuant to the statutes, ordinances, regulations, policies, customs, and usage of the City of New York and the NYPD. They are sued in their individual capacity.

## JURY DEMAND

8. Plaintiff Anton Tolliver demands a jury trial.

## STATEMENT OF FACTS COMMON TO ALL CLAIMS

9. On December 21, 2022, Defendants went to Plaintiff's home to arrest him.

10. These officers did not have an arrest warrant as required by law. See, *Payton v. New York*, 445 U.S. 573, 590 (1980).

11. Despite this, Defendants arrested in Plaintiff.

12. During this arrest, the Officers utilized unreasonable and unnecessary force, including but not limited to, throwing physical punches and throwing Plaintiff to the ground.

13. As a result of the aforesaid conduct, Plaintiff suffered injury that resulted in hospitalization.

14. All charges against Plaintiff were ultimately dismissed.

15. None of the aforementioned acts were protected by legal privilege, nor were such acts legally justified. Said occurrence and the injuries and damages sustained by claimant were due solely to the negligence, carelessness, recklessness and willful misconduct of the NYPD, its agents, servants and/or employees.

16. As a result of the defendants' conduct, plaintiff has been caused to suffer, *inter alia*, severe anxiety, humiliation, and embarrassment, damage to personal reputation, physical injury, apprehension, , emotional and psychological trauma, loss of income, and violation of rights under the New York Constitutions, and applicable statutory and case law.

**CLAIMS FOR RELIEF**
**Claim I:  False Arrest Under NY State Law**
*Against City of New York*

17. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

3

18. That on December 21, 2022, and at all times hereinafter mentioned and upon information and belief, both Defendants, without justification and without probable cause, imprisoned the Plaintiff.

19. That the DEFENDANTS' acting under the color of the law, intentionally confined the Plaintiff against his will and said confinement was not privileged.

20. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer psychological and emotional injuries, violation of their civil rights, emotional distress, anguish, anxiety, fear, humiliation, loss of freedom, and damage to their reputation and their standing within their community.

21. As a result of Defendant's impermissible conduct, Plaintiff demand judgment against Defendant's in a sum of money to be determined at trial.

**Claim II: Failure To Intervene Under 42 U.S.C. § 1983**
*Against All Police Officer Defendants*

35. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

36. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct, had a duty to intervene and prevent such conduct and failed to intervene.

37. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

38. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### Claim III: Excessive Force Under 42 U.S.C. § 1983
*Against All Police Officer Defendants*

39. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the above paragraphs with the same force and effect as if fully set forth herein.

40. In detaining plaintiff, Defendants used force.

41. The force used was unreasonable and excessive.

42. As a result of the unreasonable and excessive force, plaintiff suffered injuries requiring, physical rehabilitation, and substantial pain.

43. Defendants' use of force was a substantial factor in causing the harm to plaintiff.

44. As a result of the foregoing, plaintiff was caused to suffer physical, psychological and emotional injuries, violation of his civil rights, emotional distress, anguish, anxiety, fear, humiliation, and loss of freedom.

### Claim IV: Violation of Plaintiff's AC 8-802 Rights
*Against City of New York & Individual Police Officers*

45. The Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

46. The acts of Defendant Officers constituted conduct under color of any law, ordinance, rule, regulation, custom, or usage.

47. The acts of Defendant Officers caused Plaintiff to be deprived of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit:  to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be

secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

48. The Defendant Officers, while in uniform, unlawfully seized, frisked, and searched the Plaintiff, before detaining plaintiff and further causing his detention for approximately one day in total.

49. By reason of the acts and omissions by Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injured.

50. Defendant Officers are "covered individuals," as defined in 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 - 801 in that they are employees of the Police Department or persons appointed by the Police Commissioner as a Special Patrolman.

51. The City of New York, as the employer of the covered individual Defendant Officers, is liable to the Plaintiff for the wrongdoing of the covered individual Defendant Officers.

52. The acts of Defendant Officers constituted conduct under color of any law, ordinance, rule, regulation, custom or usage.

53. The acts of Defendant Officers caused Plaintiff to be deprived of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

54. The Defendant Officers, while in uniform, unlawfully seized, frisked, and

searched the Plaintiff, before detaining plaintiff and further causing his detention for approximately one day in total.

55. By reason of the acts and omissions by Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injured.

### Claim VI Failure to Intervene in Violation of AC 8-802 Rights
*Against City of New York & Individual Police Officers*

56. The Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

57. The acts of Defendant Officers constituted conduct under color of any law, ordinance, rule, regulation, custom or usage.

58. Defendant Officers had a duty to protect Plaintiff from violations of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

59. The Defendants that did not physically touch Plaintiff, but were present when other officers violated Plaintiff's AC 8-802 right against unreasonable search and seizure and excessive force had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

60. Defendants failed to intervene to prevent the unlawful conduct described herein, thereby failed in their duty to intervene to protect Plaintiff from violation of his rights.

61. By reason of the acts and omissions by Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injured.

62. The Plaintiff repeats, reiterates, and re-alleges the foregoing paragraphs as if the same were fully set forth at length herein.

63. Defendant Officers are "covered individuals," as defined in 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 - 801 in that they are employees of the Police Department or persons appointed by the Police Commissioner as a Special Patrolman.

64. The City of New York, as the employer of the covered individual Defendant Officers, is liable to the Plaintiff for the wrongdoing of the covered individual Defendant Officers.

65. The acts of Defendant Officers constituted conduct under color of any law, ordinance, rule, regulation, custom or usage.

66. Defendant Officers had a duty to protect Plaintiff from violations of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8 – 802, to wit: to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

67. The Defendants that did not physically touch Plaintiff but were present when other officers violated Plaintiff's AC 8 – 802 rights against unreasonable search and seizure and excessive force had an affirmative duty to intervene on behalf of Plaintiff, whose constitutional rights were being violated in their presence by other officers.

68. Defendants failed to intervene to prevent the unlawful conduct described herein, thereby failed in their duty to intervene to protect Plaintiff from violation of his rights.

69. By reason of the acts and omissions by Defendants described above, Plaintiff has endured physical and emotional injuries and was otherwise damaged and injure

**WHEREFORE**, Plaintiffs demand the following relief against Defendants:

a. Compensatory damages in an amount to be determined at trial;
b. Punitive Damages;
c. Reasonable costs and attorneys' fees under 42 U.S.C. § 1988;
d. Pre- and post-judgment interest to the fullest extent permitted by law; and
e. Any additional relief the Court deems just and proper.

DATED: this 20th Day of March 2024				New York, New York

Yours, etc.

Lord Law Group PLLC

_____
Masai I. Lord, Esq.
14 Wall St., Ste 1603
New York, NY 10279
718-701-1002

*Counsel for Plaintiff Anton Tolliver*

9